IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CITIZENS FOR TRUMP, NORTHEAST OHIO COALITION FOR THE HOMELESS, and ORGANIZE OHIO, | ) ) ) ) | CASE NO. 1:16-CV-01465-JG |
| Plaintiffs, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | |
| CITY OF CLEVELAND AND MAYOR FRANK G. JACKSON, in his official capacity, | ) ) ) ) | **DEFENDANTS' MOTION TO COMPEL JOINDER OF DEFENDANTS COMMITTEE ON ARRANGEMENTS AND HOST COMMITTEE** |
| Defendants. | ) | |

Pursuant to Federal Civil Rule 19(A), counsel for Defendants City of Cleveland and Mayor Frank G. Jackson, respectfully move this Court to compel the joinder of Committee on Arrangements ("COA") and Host Committee as parties to this case on the grounds that COA and Host Committee have a vested interest in the outcome of this case. COA is an unincorporated association created for the sole purpose of organizing events and allocating resources for the Republican National Convention. Host Committee has similarly organized the allocation of resources and security measures for the upcoming Convention and would also need to be a party to this case.

COA, along with the Host Committee, and in cooperation with various state and federal agencies, have participated in the planning of the Republican National Convention. Any resolution of the Plaintiff's allegations in this matter would adversely affect COA and the Host Committee's ability to host the RNC convention taking place July 18-21, 2016. Without joinder of COA and the Host Committee, this Court would be deprived of its ability to resolve Plaintiffs'

1

claims and would leave Defendants vulnerable to substantial risk and inconsistent obligations.

The basis for this Motion is set forth more fully in the attached brief.

        Respectfully submitted,

        BARBARA A. LANGHENRY (0038838)
        Director of Law

By:    /s/ Stewart Hastings
        Stewart Hastings (0025852)
        Assistant Law Director
        Thomas J. Kaiser
        Chief Trial Counsel
        City of Cleveland Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Telephone (216) 664- 2665
        lshastings@city.cleveland.oh.us
        tkaiser@city.cleveland.oh.us

        *Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CITIZENS FOR TRUMP, NORTHEAST OHIO COALITION FOR THE HOMELESS, and ORGANIZE OHIO, | ) ) ) ) CASE NO. 1:16-CV-01465-JG |
| Plaintiffs, | ) ) JUDGE JAMES S. GWIN |
| v. | ) ) ) |
| CITY OF CLEVELAND AND MAYOR FRANK G. JACKSON, in his official capacity, | ) ) ) ) **DEFENDANTS' BRIEF IN SUPPORT OF JOINDER** |
| Defendants. | ) ) |

## I.    INTRODUCTION

This Court has only one question to answer to resolve Defendants' Motion: whether or not all of the parties critical in the resolution of Plaintiffs' claims are present and accounted for as parties in this case. A cursory review of Plaintiffs' Complaint shows that there are numerous key parties missing from this lawsuit.  Plaintiffs did not even attempt to add the Host Committee or the Republican Party. (Pls. Compl. ¶19). Two of the most obvious absences are the very organizations who were in charge of organizing this massive event, the Host Committee and COA.  Not one of the two organizations is named as a party in Plaintiffs' Complaint. Without COA or the Host Committee's organizational efforts, many of the security measures and events,

3

which Plaintiffs allege are in violation of various constitutional rights, would not exist. Without the Host Committee, the Convention would not even take place in the City of Cleveland. Because an order of relief from this Court would be ineffective without the joinder of COA and the Host Committee, this Court must order Plaintiffs to join both parties to this case.

## II. LAW AND ARGUMENT

Federal Rule of Civil Procedure 19(A) states, in part, "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: in that person's absence the court cannot accord complete relief among existing parties..." Fed. R. Civ. 19(A). There is no "one size fits all" formula to determine whether or not joinder pursuant to 19(A) is proper. *Babcock v. Maple Leaf, Inc.,* 424 F. Supp. 428, 431 (E.D. Tenn. 1976). In determining whether or not complete relief may be obtained under the Rule, the Court's decision should be guided by interests of "avoiding multiple litigation, providing the parties with **complete and effective relief** in a single action, and protecting the absent persons from the possible prejudicial effect of deciding the case without them." *Id.* (Emphasis Added) Since there is no "one size fits all" formula for joinder; the rule should be applied with flexibility and governed by "the practicalities of each case." *Laukus v. Rio Brands, Inc.* 11 F. 3d 1341, 1346 (6th Cir. 1993).

The reality of the case before this Court requires COA and the Host Committee to be joined as parties because both entities organized RNC activities and security measures Plaintiffs have alleged violations of various rights under the U.S. Constitution. In simpler terms, Defendants are merely the vehicle being used to present the Republican National Convention to the public, but COA and the Host Committee are the drivers who have controlled and guided many of the decisions as to where Defendants' resources and security measures will go. An order by this

Court modifying any of the security measures and provisions provided by Defendants will invariably adversely affect COA and the Host Committee's interest in providing security to delegates as well as protection for other individuals assisting with the Convention.  Furthermore, Defendants as well as the Host Committee and COA would be prejudiced by a decision in this matter because Defendants are still bound to provide services to the COA and Host Committee, as well as adhere to any security measures needed for national security purposes. COA and Host Committee should have the opportunity to present their case before this Court and protect the interests they have in running a safe, historic political event. Therefore, Defendants move this Court for an Order requiring Plaintiff to join COA and Host Committee, as both parties are necessary in order to completely resolve this matter.

        Respectfully submitted,

        BARBARA A. LANGHENRY (0038838)
        Director of Law

By:    /s/ Stewart Hastings
        Stewart Hastings (0025852)
        ASSISTANT LAW DIRECTOR
        Thomas J. Kaiser
        CHIEF TRIAL COUNSEL
        City of Cleveland Department of Law
        601 Lakeside Avenue, Room 106
        Cleveland, Ohio 44114-1077
        Telephone (216) 664- 2665
        lshastings@city.cleveland.oh.us
        tkaiser@city.cleveland.oh.us

        *Attorneys for Defendants*

### CERTIFICATE OF SERVICE

A copy of this Leave to Plead was filed electronically on June 16, 2016.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.  In addition, the foregoing was emailed on this June 16, 2016, to the following:

Freda J. Levenson
ACLU of Ohio
Elizabeth Bonham (0093733)
Joseph Mead (0091903)
4506 Chester Avenue
Cleveland, Ohio 44103
P: (216) 472-2200
F: (216) 472-2210
E: flevenson@acluohio.org

Host Committee
c/o Jon J. Pinney
1375 East Ninth Street, 29th Floor
Cleveland, Ohio 44114
jjp@kjk.com

Committee on Arrangements
c/o Jeff Larson, CEO
1228 Euclid Avenue, 4th Floor
Cleveland, Ohio 44115
gbresso@gopconvention2016.com

>*/s/ Stewart Hastings*
> Stewart Hastings (0025852)
>
> *Attorney for Defendants*