UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **CITIZENS FOR TRUMP,** ) <br> **NORTHEAST OHIO COALITION** ) <br> **FOR THE HOMELESS, and** ) <br> **ORGANIZE OHIO,** ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **CITY OF CLEVELAND, and** ) <br> **MAYOR FRANK G. JACKSON,** ) <br> in his official capacity, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 1:16-CV-01465-JG <br> Judge Gwin |

### OPPOSITION TO DEFENDANTS' MOTION TO COMPEL JOINDER OF COMMITTEE ON ARRANGEMENTS AND HOST COMMITTEE

Plaintiffs respectfully ask this Court to deny Defendants' Motion to Compel the joinder of two improper defendants in this case, the RNC Committee on Arrangements and the RNC Host Committee (collectively "Private Entities.") The joinder of these parties is not necessary under Rule 19.

Defendants' motion to force outside parties to join this lawsuit is a distraction without legal or factual basis. In this case, Plaintiffs challenge rules adopted by the Defendants—the City of Cleveland and its Mayor, who act under color of state law—that violate Plaintiffs' constitutional rights. In this otherwise straightforward case, Defendants propose a bizarre twist: that two private organizations must also be sued. They invoke Rule 19(A)(1)(a), which provides for joinder of a party if "in that person's absence, the court cannot accord complete relief among existing parties."

Defendants assert that the Private Entities are required parties because they asked the City to adopt its draconian restrictions on speech rights during the Convention. The City claims to be merely "the vehicle" used to present the Republican National Convention to the public, and states that the Private Entities are the "drivers" who have controlled and guided many of the decisions. Even assuming that this were true, it would not warrant their compulsory addition to the case. These two organizations - of course - did not enact, and will not be enforcing, the challenged regulations. The Defendants, as the government, have the sole responsibility to adopt and enforce laws—and to ensure those laws are constitutional.

It is black letter law that private organizations do not violate constitutional rights unless they act under color of state law. *See, e.g., West v. Atkins,* 108 S.Ct. 2250, 2255 (U.S. 1988). Therefore joinder of private parties not acting under color of law as defendants cannot be appropriate in constitutional claims. *See Bush v. City of Utica*, 948 F. Supp. 2d 246, 259 (N.D.N.Y. 2013) *aff'd sub nom. Bush v. City of Utica, N.Y.*, 558 Fed. Appx. 131 (2d Cir. 2014); *see also Kroll v. Incline Village Gen. Imp. Dist.*, 598 F. Supp. 2d 1118 (D. Nev. 2009); *Pellegrino Food Products Co., Inc. v. City of Warren*, 136 F. Supp. 2d 391 (W.D. Pa. 2000). The Court can resolve the constitutional violation here by ordering the Defendants not to violate Plaintiffs' constitutional rights. There is no part of this dispute that can be resolved by the Court imposing an order on private actors.

Defendants construct an argument that joinder is necessary to provide "complete and effective relief," based upon two cases. Motion to Compel at 4. However, neither case cited by Defendants has any applicability here. *Babcock* was a products liability action against a recreational vehicle manufacturer in which the federal government was held to be a necessary party because it held a statutory lien for the plaintiff's medical treatment rendered to him as a

veteran at a VA hospital. *Babcock v. Maple Leaf, Inc.,* 424 F.Supp. 428 (E.D. Tenn. 1976). The case had nothing to do with joining a private party, nor was it an action to enforce a constitutional right. *Keweenaw Bay,* Defendants' other authority, was an action over the interpretation of fishing rights under a tribal treaty. *Keweenaw Bay Indian Community v. State,* 11 F.3d 1341 (6th Cir. 1993). The court held that an absent band of American Indians must be joined to protect its fishing rights under the treaty. Like *Babcock*, this was not a challenge of an unconstitutional law. Defendants cite no case where a governmental entity is a defendant in a constitutional challenge. And Plaintiffs are not aware of any litigation arising out of a political nominating convention where a court has held that non-governmental agencies in planning roles are required parties.

 Finally - and most tellingly - Defendants' motion not only fails to demonstrate any rationale for joining the Private Entities, but it actually underscores the absence of law enforcement rationales justifying the series of restrictions that the City has adopted here. The City's suggestion that it is merely a puppet driven by the wishes of two private committees suggests the lack of valid law enforcement reasons for the absurdly broad and arbitrary restrictions in the Event Zone.

 Respectfully submitted,

/s/Freda J. Levenson
Freda J. Levenson (0045916)
Trial Attorney for Plaintiffs
Elizabeth Bonham (0093733)
Joseph Mead (0091903)
ACLU of Ohio Foundation, Inc.
4506 Chester Ave.
Cleveland, OH 44103
T: (216) 472-2220
F: (216) 472-2210
E: flevenson@acluohio.org

## Certificate of Service

The undersigned certifies that a true copy of the foregoing was filed and served on Defendants using this Court's Electronic Filing System on this 20th day of June, 2012.

/s/Freda J. Levenson
Freda J. Levenson
Counsel for Plaintiffs