UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
CITIZENS FOR TRUMP, et al.,  :
: CASE NO. 16-CV-1465
        Plaintiffs,  :
:
    vs.  : OPINION & ORDER
: [Resolving Docs. 9, 12]
CITY OF CLEVELAND, et al.,  :
:
        Defendants.  :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiffs Citizens for Trump, Organize Ohio, and Northeast Ohio Coalition for the Homeless bring First Amendment and due process challenges to Defendant City of Cleveland's 2016 Republican National Convention regulations.[1]

Defendants Cleveland and Mayor Frank Jackson move to compel the joinder of the Republican National Convention Committee on Arrangements ("COA") and the Host Committee.[2] COA also moves to intervene.[3] Plaintiffs oppose both motions.[4] For the following reasons, this Court **DENIES** Defendants' motion to compel joinder and COA's motion to intervene.

## I. Background

Beginning July 18, 2016, Cleveland will host the Republican National Convention. On May 25, 2016, Defendant Cleveland promulgated regulations for the convention.

---

[1] Doc. 1. *See generally* Doc. 1-9.
[2] Doc. 9.
[3] Doc. 12.
[4] Doc. 11; Doc. 15.

Case No. 16-cv-1465
Gwin, J.

The regulations designate a 3.3 square miles "Event Zone" around the Quicken Loans arena. Major convention business and voting will take place at the Quicken Loan arena.[5] The 3.3 square miles Event Zone has several restrictions on First Amendment activity.[6] Cleveland is responsible for enforcing these regulations.

The regulations also designate a "Parade Route" along the Carnegie-Lorain bridge, ending several hundred feet from the Quicken Loans arena.[7] Participants must apply for a permit before using the Parade Route during the Republican National Convention.[8] Cleveland is responsible for processing these permits.

On June 14, 2016, Plaintiffs brought First Amendment and due process challenges to the Event Zone restrictions, Parade Route, and parade permit processing.[9]

On June 16, 2016, Defendants moved under Federal Rule of Civil Procedure 19 to compel the joinder of COA and the Host Committee.[10]

On June 20, 2016, COA moved under Federal Rule of Civil Procedure 24 to intervene in this case.[11]

## II. Legal Standard

Under Rule 19, a party must be joined to a case if "the court cannot accord complete relief among the existing parties" without the missing party, if proceeding with the case will impair the missing party's ability to protect its interests, or if proceeding would create a risk of multiple or inconsistent obligations.

---

[5] Doc. 1 at 2.
[6] Doc. 1-9 at 5–16.
[7] *Id.* at 20.
[8] *Id.* at 7–8.
[9] Doc. 1.
[10] Doc. 9.
[11] Doc. 12.

Case No. 16-cv-1465
Gwin, J.

Under Rule 24, a party may intervene in a case if permitted by statute, if not participating would impair the party's interests, if the party has a common claim or defense, or if the party is a government agency charged with administering a challenged regulation.

### III. Discussion

*A. Joinder*

Neither COA nor the Host Committee is a necessary party to this litigation. Plaintiffs challenge Cleveland's regulations and parade permit processing. Plaintiffs make no claim against the COA or the Host Committee. While COA and the Host Committee may have given input regarding the challenged regulations, neither COA nor the Host Committee promulgated the regulations.[12] They do not enforce the regulations.

Furthermore, COA and the Host Committee are not state agencies and therefore do not risk violating Plaintiffs' constitutional rights.[13] None of Plaintiffs' requested relief would require anything from the COA or the Host Committee. This Court can afford complete relief to Plaintiffs without joining COA and the Host Committee.

This Court **DENIES** Defendants' motion to compel joinder.

*B. Motion to Intervene*

For similar reasons, COA's motion to intervene loses. COA does not point to a statute authorizing a right to intervene. Under *Deshaney*, COA does not have a protectable interest in a specific level of security in the Event Zone.[14]

---

[12] COA and the Host Committee may be witnesses to this case. However, COA's and the Host Committee's involvement planning for the Republican National Convention does not rise to the level of a protectable interest in this case.
[13] *West v. Atkins*, 487 U.S. 42, 49 (1988).
[14] *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors"). Relatedly, the convention itself is within a secure zone. The United States Secret Service manages the events within the secure zone. Plaintiffs do not challenge the secure zone restrictions.

COA does not seem to have any claim against Plaintiffs or vice versa. As explained above, COA is not a state entity capable of violating Plaintiffs' constitutional rights. Finally, as explained above, COA does not administer the challenged regulations or process permits; Cleveland does.

This Court **DENIES** COA's motion to intervene.

### IV. Conclusion

For the reasons above, this Court **DENIES** Defendants' motion to compel joinder and COA's motion to intervene.

IT IS SO ORDERED.

Dated: June 21, 2016 *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE